AUSTIN W. WAISANEN, WSB # 8-7023
Email: awaisanen@pacificlegal.org
Pacific Legal Foundation
3100 Clarendon Blvd., Suite 1000
Arlington, VA 22201
Telephone: (307) 213-0511

BRIDGET CONLAN, WSB # 8-7348
Email: bconlan@pacificlegal.org
Pacific Legal Foundation
3100 Clarendon Blvd., Suite 1000
Arlington, VA 22201
Telephone: (202) 660-1847

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| VENUS BONTADELLI, | Civil Action No._____ |
| Plaintiff, | |
| vs. | **CIVIL RIGHTS** |
| CITY OF POWELL, | **42 U.S.C. § 1983** |
| Defendant. | |

### COMPLAINT AND JURY DEMAND

### INTRODUCTION

1. Venus Bontadelli brings this complaint against the City of Powell seeking declaratory, injunctive, and monetary relief from the City's unlawful "exotic pet permit" ordinance.

2. Mrs. Bontadelli and her family recently moved to Powell from Redding, California, to be closer to family and escape what she viewed as an increasingly illiberal and imperious state of politics in California. She and her husband were enticed by Wyoming's apparent "live and let live" culture and politics of "less government."

Page 1 of 11

3. Unfortunately, it did not take long for Mrs. Bontadelli to learn that despite Wyoming's more appealing political climate, local governments in Wyoming also exercise shockingly broad power over the lives and property of citizens in ways that are often difficult to predict or understand.

4. Under Powell Ordinance Section 6.04.030 ("the Ordinance"), a person can keep certain animals as pets only upon special application to the chief of police and, if he denies, the city council. The Ordinance does not set forth the conditions under which a person may be entitled to this special permit, nor are there any standards to guide the chief of police or city council's decision to grant or deny a permit.

5. On July 7, 2025, the Powell City Council denied Mrs. Bontadelli a permit to keep "Porsche Lane", a twenty pound Nigerian pygmy teacup dwarf goat.

6. Mrs. Bontadelli's home and property is in an area of Powell zoned for industrial use, where uses such as a veterinary clinic are allowed without a permit.

7. The Powell exotic pet permit ordinance violates Mrs. Bontadelli's due process rights because it lacks any standards. The denial of a permit to keep her pet goat in an area of town where a clinic for sick goats would be allowed without a permit is irrational and does not advance any legitimate governmental objective.

**PARTIES**

8. Plaintiff Venus Bontadelli is a Wyoming resident who sought a permit under the Ordinance to keep a pet goat.

9. Defendant City of Powell is a municipality within the state of Wyoming. Powell enacted the unconstitutional Ordinance and enforced it against Mrs. Bontadelli, under color of state law.

## JURISDICTION AND VENUE

10. This suit is filed pursuant to 42 U.S.C. § 1331 (federal question) as it arises under the Constitution and laws of the United States, and pursuant to 28 U.S.C. § 1343(a)(4) (civil rights) as it seeks redress of civil rights violations under 42 U.S.C. § 1983.

11. This suit also seeks a remedy under the Declaratory Judgment Act, 28 U.S.C. § 2201, and Wyoming's Uniform Declaratory Judgment Act, Wyo. Stat. § 1-37-101. The Court has jurisdiction to hear the state law claim under 28 U.S.C. § 1367(a), as it arises out of the same set of facts as the federal claims.

12. The property that is the subject of this action is located, and the civil rights violations alleged herein took place, in Powell, Wyoming.

13. Venue is thus proper in the District of Wyoming.

## FACTUAL ALLEGATIONS

14. Venus Bontadelli lives with her husband and children at 1130 Adams Street, in Powell, Wyoming.

15. Venus and her husband own their property at 1130 Adams Street in fee simple.

16. In December 2024, the Bontadellis' oldest daughter graduated from secondary school.

17. The Bontadellis received, as a graduation gift, "Porsche Lane"—a baby Nigerian pygmy teacup dwarf goat.

18. Mrs. Bontadelli began raising "Porsche Lane," making accommodations for her inside the family home, bottle feeding her, and developing a bond with the goat.

19. Keeping small, domesticated animals as pets is an ordinary and commonplace use of residential property.

20. This is true especially of Nigerian pygmy teacup dwarf goats. The term pygmy teacup dwarf goat is an affectionate term for miniature Nigerian dwarf goats, which are among the most common and docile small-breed goats kept as pets in the United States.

21. They are recognized by the American Dairy Goat Association and the American Goat Society as a standard domestic breed, not a wild or exotic animal.

22. Such goats have been bred domestically in the United States for more than fifty years and are frequently kept as companion animals in both rural and suburban settings.

23. The breed is well known for its gentle temperament, small stature (typically under twenty pounds), and ease of care, making it one of the most popular goat breeds for families and hobby farms nationwide.

24. Miniature Nigerian dwarf goats are quiet, clean, and require far less space and maintenance than dogs of comparable weight.

25. The United States Department of Agriculture, the Centers for Disease Control, and other public-health agencies have not identified miniature Nigerian dwarf goats as exotic or inherently hazardous animals.

26. Indeed, the species Capra hircus, the domestic goat, is one of the oldest domesticated livestock animals on Earth, maintained for thousands of years for companionship, milk, and fiber.

27. Numerous municipalities across the country allow residents to keep miniature goats as pets in residential zones subject to simple sanitation or enclosure rules.

## THEN SOMEONE COMPLAINS

28. By May of 2025, Porsche Lane was only a couple months old, had spent most of her time indoors, and weighed only ten pounds.

29. Nevertheless, a Powell Police Department officer knocked on Mrs. Bontadelli's door and explained to her that someone from "outside of her neighborhood" had complained.

30. The police officer informed Mrs. Bontadelli that she would only be able to keep Porsche Lane upon application for an exotic pet permit under the Ordinance.

31. The Ordinance provides that "it is unlawful for any person to be the owner or possessor of any wild animal or exotic pet within the corporate city limits…." except that "[t]he city may authorize in writing, the possession of specific wild or exotic animals to be kept within the corporate city limits" if the animal is nonvenomous and the person files an exotic pet permit form. Powell Ordinance § 6.04.030(A)–(C); Exhibit 1, Excerpts of July 7, 2025, Powell City Council Agenda, at 4–5.

32. Keeping a "household pet", which the ordinance defines as "any trained or domesticated animal" but excluding goats and other animals, is allowed without a permit. *Id.* § 6.04.010.

33. Porsche Lane is not a "household pet" as defined by the ordinance, and not venomous, so Mrs. Bontadelli promptly completed the exotic pet permit form in May of 2025.

34. The Ordinance provides that "within 30 days following the submission of the completed wild animal/exotic pet request form to the police department, the chief of police or his designee shall issue a written determination either approving or disapproving the request." *Id.* § 6.04.030(C)(3).

35. The Chief of the Powell Police Department denied the request on June 4, 2025. Ex. 1 at 14.

36. In his written declination to Mrs. Bontadelli, the Chief of Police did not provide any health, safety, welfare, or other substantive reason for denying the permit. *See id*.

37. Instead, in the Chief of Police's view, a "change to city ordinance would be necessary to approve Mrs. Bontadelli's 'Exotic Pet Application'"—even though the Ordinance expressly provides that a person may keep a goat (or any other nonvenomous animal) as a pet with an exotic pet permit, and Mrs. Bontadelli had applied for a permit. Ex. 1 at 3.

38. The Ordinance provides that an applicant may appeal to the City Council within ten days of the Chief's determination. § 6.04.030(D).

39. Mrs. Bontadelli appealed to the City Council on June 7, 2025, explaining that her small goat is quiet compared to the "dogs that bark all hours of the night" and the loud noises from nearby industrial businesses, and that her neighbors "adore" the goat. Ex. 1 at 3–10.

40. Mrs. Bontadelli submitted several letters from neighbors written in support of Porsche Lane. As one neighbor explained, "it would be very nice to have [Porsche Lane] remain as a part of our neighborhood as much of what we hear all day long is loud metal pipes being dropped into a dumpster or the constant sound of the industrial air conditioners from the buildings around us. She is a pleasure not an annoyance." Ex. 1 at 8–9.

41. On July 7, 2025, the Powell City Council met in a public hearing to discuss Mrs. Bontadelli's appeal.

42. Mrs. Bontadelli spoke at the hearing. She testified that Porsche Lane is much smaller than most dogs and not odorous like some other pets.

43. No member of the public spoke against Mrs. Bontadelli's request for a permit.

44. The City of Powell Commissioners discussed Mrs. Bontadelli's appeal. Several appear to have adopted the view that since the definition of "household pet" under Powell's ordinance excludes goats, then Mrs. Bontadelli could not be granted a permit to keep Porsche Lane, even though keeping an animal included in the definition of "household pet" is allowed

without a permit, and the obvious purpose of the "exotic pet" permit process is to permit individuals to keep animals which do not meet the definition of "household pets." *See* § 6.04.030.

45. One councilmember was concerned that granting Mrs. Bontadelli's permit could mean that "a herd of Nubians" would be "running around town." But whether someone in the future applies for a permit to keep a Nubian (a much larger goat breed) as a pet is irrelevant to Mrs. Bontadelli's application to keep Porsche Lane. Mrs. Bontadelli applied only for permission to keep one approximately twenty-pound Nigerian pygmy teacup dwarf goat.

46. In any event, no councilmember or member of the public discussed any legitimate governmental objective which would be furthered by upholding the denial of Mrs. Bontadelli's exotic pet permit. Nor did anyone record a legitimate government purpose in the "written decision" called for by the Ordinance. *See* Exhibit 2, Minutes of July 7, 2024, City Council Meeting at 1–2.

47. The Ordinance provides "the city council shall issue a written determination to the appellant and the chief of police or his designee within 60 days of receipt of the notice of appeal. The written determination of the city council shall be a final decision." § 6.04.030(D).

48. Approximately a month after the July 7, 2025, public hearing, Mrs. Bontadelli emailed the City of Powell asking for the City's "written determination" under the Ordinance.

49. On August 15, 2025, the Powell City Clerk responded with a copy of the minutes of the July 7, 2025 meeting. Exhibit 3, August 15, 2025, City Clerk Email at 1–2.

**FIRST CLAIM FOR RELIEF**
**Denial of Procedural Due Process**
**42 U.S.C. § 1983, 28 U.S.C. § 2201**

50. All other allegations of this Complaint are incorporated by reference in this section as though fully set forth herein.

51. The Fourteenth Amendment to the United States Constitution prohibits state and local governments from depriving any person of life, liberty, or property without due process of law.

52. Mrs. Bontadelli's residential/industrial property in Powell is "property" under the due process clause, and such property includes the right to use the property in benign ways.

53. The Ordinance deprives Mrs. Bontadelli of her right to use her property in unharmful ways (like keeping a dwarf pygmy teacup goat) without procedural due process. The Ordinance provides no standards to guide or constrain the discretion of City officials in granting or denying a permit. Without any standards, a permit is merely a special dispensation to be awarded by City officials upon their whim.

54. The Ordinance fails to give applicants fair notice of what criteria will be applied, or what conditions—if any—might result in an approval of a pet permit.

55. The Ordinance allows City officials to treat similarly situated property owners differently for arbitrary reasons.

56. By vesting the Chief of Police and City Council with unfettered discretion to approve or deny a permit without objective standards, the City has created a system that, on its face, invites arbitrary, discriminatory, and irrational decision-making.

57. Requiring Mrs. Bontadelli to apply under the Ordinance to keep Porsche Lane deprived her of her right to procedural due process. The deprivation was caused by Defendant's official policy—Powell Ordinance § 6.04.030—which constitutes municipal policy within the meaning of *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

## SECOND CLAIM FOR RELIEF
### Denial of Substantive Due Process
### 42 U.S.C. § 1983, 28 U.S.C. § 2201

58. Plaintiff re-alleges and incorporates by reference all preceding allegations as though fully set forth herein.

59. The Due Process Clause forbids local governments from exercising police powers in a manner that is arbitrary or not rationally related to any legitimate governmental interest. This is known as "substantive due process."

60. The City's denial of Mrs. Bontadelli's permit application is arbitrary and not rationally related to any legitimate governmental interest because

   a. Nigerian dwarf goats are a recognized breed, kept as pets all over the Nation and world,

   b. Porsche Lane poses no meaningful risk to the public health, safety or welfare, and

   c. Denying the permit for Porsche Lane does not advance any legitimate government interest.

61. The City's denial of Mrs. Bontadelli's permit deprived her of her right to substantive due process.

## THIRD CLAIM FOR RELIEF
### Violation of Wyo. Const. art. 1 § 7
### Wyo. Stat. § 1-37-101 *et seq.*

62. Plaintiff re-alleges and incorporates by reference all preceding allegations as though fully set forth herein.

63. The Wyoming Constitution provides that "[a]bsolute, arbitrary power over the lives, liberty and property of freemen exists nowhere in a republic, not even in the largest majority." Wyo. Const. art. 1, § 7.

64. The Arbitrary Power Clause is in addition to, and separate from, Wyoming's due

process guarantees.

65. By granting the Chief of Police and City Council completely unfettered power to decide who shall be allowed to keep an exotic pet, the City and its officials exercise absolute and arbitrary power over the property of freemen, in violation of Mrs. Bontadelli's rights under the Wyoming Constitution.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and award the following relief:

66. Nominal damages in the amount of $1.00;

67. A declaration that Powell Municipal Code § 6.04.030, both on its face and as applied to Plaintiff, violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution and Article 1, § 7 of the Wyoming Constitution;

68. A declaration that the City's denial of Plaintiff's application to keep her pet goat, Porsche Lane, was unconstitutional and void;

69. A permanent injunction prohibiting Defendant from enforcing Powell Municipal Code § 6.04.030 unless and until constitutionally sufficient standards and procedures are adopted, and enjoining enforcement of the ordinance against Plaintiff;

70. A mandatory injunction directing Defendant to issue Plaintiff a permit to keep Porsche Lane, or in the alternative, directing Defendant to reconsider her application under constitutionally adequate standards;

71. An award of reasonable attorney's fees and expert fees for bringing and maintaining this action under 42 U.S.C. § 1988;

72. An award of costs of suit pursuant to Fed. R. Civ. P. 54(d); and

73. Any other relief that the Court deems just and proper under the circumstances.

Dated this 4th day of November, 2025.

|  |  |
|---|---|
| BRIDGET CONLAN, WSB # 8-7348<br>Email: bconlan@pacificlegal.org<br>Pacific Legal Foundation<br>3100 Clarendon Blvd., Suite 1000,<br>Arlington, VA 22201<br>Telephone: (202) 660-1847 | /s/ Austin W. Waisanen<br>AUSTIN W. WAISANEN, WSB # 8-7023<br>Email: awaisanen@pacificlegal.org<br>Pacific Legal Foundation<br>3100 Clarendon Blvd., Suite 1000,<br>Arlington, VA 22201<br>Telephone: (307) 213-0511<br>Facsimile: (916) 419-7747 |

*Attorneys for Plaintiff*